UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTOPHER JUGE

_____

Plaintiff

VS.

STATE FARM FIRE AND CASUALTY
COMPANY

_____

Defendant

Civil No. 2:23-cv-01991

JUDGE WENDY V. VITTER

MAGISTRATE JANIS VAN MEERVELD

## FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

**NOW INTO COURT** comes, petitioner, **CHRISTOPHER JUGE**, who wishes to

supplement and amend his original petition for damages as follows:

## COMPLAINT

1.

Made defendant herein is **STATE FARM FIRE AND CASUALTY COMPANY** , upon

information and belief, a foreign insurance company that is authorized to do and doing business in

the State of Louisiana, who is truly and justly indebted unto your petitioner for the following

reasons to wit:

2.

By adding Paragraph 2 to read as follows:

"At all times relevant herein, Petitioners, **CHRISTOPHER JUGE AND ELIZABETH**

**JUGE**, owned the following property ("Property") and contents located at 4027 S. Post Oak

Ave., New Orleans, LA 70130".

3.

By adding Paragraph 3 to read as follows:

"At all times relevant hereto, Defendant, **STATE FARM FIRE AND CASUALTY**

**COMPANY,** provided a policy of insurance, bearing Policy Number 18GA18413 (the "Policy"),

issued to **CHRISTOPHER JUGE AND ELIZABETH JUGE**, that was in full force and effect

and covered the Property at issue and the contents therein against perils including hurricanes,

wind, hail, and/or water. Defendant placed a valuation upon the covered Property and the

contents therein and used this valuation for purposes of determining the premium charge to be

made under the Policy at issue".

4.

On or about August 29, 2021, Hurricane Ida struck Southeast Louisiana as one of the most

powerful storms in U.S. history. As detailed by the U.S. National Weather Service, "Hurricane Ida

made landfall as Category 4 Hurricane in Lower Lafourche Parish near Port Fourchon with

maximum sustained wind speeds of 150 mph". A Category 4 storm with unprecedented winds,

Ida caused major damage to buildings throughout Southeast Louisiana, including the greater New

Orleans area and surrounding parishes throughout this District. "The widespread damage spread

well inland across Southeast Louisiana and Southern Mississippi as Hurricane Ida remained at

hurricane strength into southwest Mississippi near McComb".

5.

On or about August 29, 2021, Hurricane Ida damaged the exterior, interior, and roof of the

Property, allowing water to infiltrate the interior as a direct result of that damage and causing

significant damage to and throughout the Property ("the Loss" or "Property Damage") which was

covered under the Policy.

6.

The Property and contents therein were significantly damaged by and suffered a diminution in value because of Hurricane Ida. These significant Hurricane Ida damages to the Property (including the contents therein) occurred prior to any purported damage to the Property (or contents therein) by any non-covered peril, including any type of damage purportedly excluded by the policy.

7

By adding Paragraph 7 to read as follows:

"On or about September 24, 2021, **CHRISTOPHER JUGE AND ELIZABETH JUGE'S** property was inspected by their insurer, **STATE FARM FIRE AND CASUALTY COMPANY.** Their claim was assigned claim number 1824C889H" ("the Claim" or "Insurance Claim").

8.

Upon notification of the Loss, Defendant inspected the Property, and provided an estimate on the Claim. This estimate, however, grossly underreported the Property Damage.

9.

Defendant's inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, LA Rev. Stat. § 22:1892 and §22:1973.

10.

Defendant's adjustment of the Claim was unreasonably low, unrealistic, and failed to provide the opportunity to properly conduct the needed repairs to the Property caused by Hurricane Ida.

11.

As a result of Defendant refusing and/or failing to adjust the Claim fairly, undersigned counsel was hired, and an expert adjuster was retained to inspect the Property and to document and estimate Property Damage and/or the Claim.

12.

After Defendant's inspection of the Property, Plaintiff's expert adjuster inspected the Property and created a report (the "Expert Report") documenting and detailing that the Property had been damaged by Hurricane Ida and those amounts were required to be paid by Defendant for repair, damages and/or reimbursement.

13.

On July 26, 2022, a demand for the release of unconditional tenders was sent to Defendant, along with the Expert Report as well as other supporting documentation, demonstrating the losses outlined therein, and constituting satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, LA Rev. Stat. §§ 22:1892 and 22:1973.

14.

Despite receiving this satisfactory proof of loss, Defendant has yet to tender adequate insurance proceeds.

15.

Plaintiff has attempted to recover the full value of their covered damages and/or insurance proceeds due from Defendant to no avail.

16.

Defendant's failure to comply with the terms of its own Policy caused and continues to cause significant delay to the repair of the Property and additional cost, mental pain and anguish, additional living expenses, rents, and general and/or special damages to Plaintiffs.

17.

Upon information and belief, relative to the Property Damage and/or Claim at issue, Defendant acted intentionally and/or negligently when it:

A.  Failed to timely tender proceeds due after having received satisfactory proof of loss;

B.  Misrepresented the terms and conditions of the Policy at issue;

C.  Conducted the investigation and claims handling in bad faith;

D.  Manipulated and/or set its pricing software to artificially suppress the cost of repairs below market value;

E.  Failed to adequately pay for losses as required by the Policy, and/or

F.  Failed to include adequate overhead and profit in its estimates of damages.

18.

Plaintiff has incurred additional expenses and/or delays in making repairs because Defendant failed to timely pay for losses due under the Policy and/or for the Claim at issue.

19.

Plaintiff has incurred professional expenses, including expert and attorney's fees, to prove that Defendant wrongfully failed to adequately/timely pay on the Claim at issue.

20.

Plaintiff has sustained and continue to sustain mental anguish and inconvenience because Defendant failed to timely pay for losses due under the Policy and/or for the Claim at issue.

21.

Plaintiff has incurred and will continue to incur additional living expenses as a result of the damages caused to the Property by Hurricane Ida, including those additional living expenses that will be incurred during additional repair of the Property.

## **BREACH OF INSURANCE CONTRACT**

22.

All allegations contained in this Petition are hereby adopted and re-alleged.

23.

Despite having adequate proof of loss, Defendant failed to timely tender adequate funds under the Policy.

24.

At all material times herein, an insurance contract, the Policy, existed between Plaintiff and Defendant, which provided coverage for the Property Damage and/or the Hurricane Ida Claim at issue herein.

25.

Upon information and belief, Defendant breached the Policy and/or insurance contract by intentionally and/or negligently:

A. Failing to timely tender proceeds due after having received satisfactory proof of loss;

B. Misrepresenting the terms and conditions of the Policy at issue;

C. Conducting the investigation and claims handling in bad faith;

D.   Manipulating and/or setting its pricing software to artificially suppress the cost of repairs below market value;

E.   Failing to adequately pay for losses as required by the Policy, and/or

F.   Failing to include adequate overhead and profit in its estimates of damages.

26.

Plaintiff has suffered and continue to suffer general, special and/or consequential damages because of Defendant's breaches of the insurance contract.

**<u>BAD FAITH</u>**

27.

All allegations contained in this Petition are hereby adopted and re-alleged.

28.

The actions and/or inactions of Defendant in failing to adequately compensate Plaintiff for the covered losses under the Policy were arbitrary, capricious, and without probable cause as those terms are used in conjunction with LA Rev. Stat. §§ 22:1892 and 22:1973, making Defendant liable for statutory bad faith penalties.

29.

Under LA Rev. Stat. § 22:1973, an insurer owes a duty of good faith and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of LA Rev. Stat. § 22:1973.

30.

"[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary,

capricious, or without probable cause" is considered "bad faith" and is in violation of LA Rev. Stat. § 22:1973.

31.

LA Rev. Stat. § 22:1892 imposes bad faith penalties on an insurer who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days, or fails to make a written offer to settle any property damage claim within thirty (30) days after receipt of satisfactory proofs of loss of that claim.

32.

Defendant is in violation of LA Rev. Stat. § 22:1973 and §22:1892 for failing to provide Plaintiff adequate payment in connection with the Property Damage and/or the Claim, despite having received satisfactory proof of loss following its own inspection(s) of the Property, and/or after Plaintiffs provided expert documentation of the Property Damage and/or the Claim. Moreover, Defendant's failure to timely tender adequate payment was unjustified, and without reasonable or probable cause or excuse.

33.

Defendant is in violation of LA Rev. Stat. §§ 22:1973 and 22:1892 for failing to make a written offer to settle the Property Damage and/or the Claim within thirty (30) days after receipt of satisfactory proofs of loss of the Property Damage and/or the Claim.

34.

Upon information and belief, relative to the Property Damage and/or Claim at issue, Defendant acted in bad faith by arbitrarily and capriciously:

    A. Failing to timely tender proceeds due after having received satisfactory proof of loss;

B.  Misrepresenting the terms and conditions of the Policy at issue;

C.  Conducting the investigation and claims handling in bad faith;

D.  Manipulating and/or setting its pricing software to artificially suppress the cost of repairs below market value;

E.  Failing to adequately and/or timely pay insurance proceeds as required by the Policy and the relevant statute;

F.  Failing to make a written offer to settle within thirty (30) days after receipt of satisfactory proofs of loss of the Claim; and/or,

G.  Failing to include adequate overhead and profit in its estimates of damages.

35.

Upon information and belief, further evidence of Defendant's bad faith will be revealed through the discovery process.

36.

Plaintiff has suffered and continue to suffer general, special and/or consequential damages because of Defendant's bad faith.

## **DAMAGES**

37.

All allegations contained in this Petition are hereby adopted and re-alleged.

38.

Defendant is liable to Plaintiff, relative to the Property Damage and/or Claim at issue, under the following legal theories:

A.  Breach of contract;

B.  Bad faith and/or negligent claims adjusting practices, including but not limited to failing to adequately adjust the Property Damage and/or the Claim, misrepresentation of the terms of the applicable insurance Policy, purposeful and/or negligent under-scoping of damages leading to a failure to pay the relevant claims, purposeful and/or negligent price manipulation leading to a failure to pay the relevant claims, failure to pay timely for covered damages Defendant knew, or should have known existed at the time of the original adjustment/inspection as well as at the time of Defendant's receipt of the Expert Report, failing to timely tender adequate supplemental payment(s), etc., leading to various general, special and/or consequential damages, including but not limited to delayed and/or additional repair costs, mental anguish, inconvenience, and the incurrence of professional and/or expert fees; and/or

C.  Any and all other legal theories of recovery that become apparent during the discovery process and proven at the trial of this matter.

39.

As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Plaintiff has incurred and/or sustained the following, non-exclusive damages:

A.  Diminution of the value of the Property;

B.  Underpayment and/or delayed payment of covered damages/repair costs;

C.  Actual repair costs, temporary repair costs, as well as increased repair costs;

D.  Loss of use and/or additional living expenses;

E.  Lost rent;

F.  Penalties delineated in LA Rev. Stat. §§ 22:1892 and 22:1973;

G.  Mental anguish, suffering, and/or inconvenience;

H.  Attorneys' fees, other professional fees, and litigation costs associated with the bringing of this action;

I.  Other general, special and/or consequential damages; and,

J.  Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

## PRAYER FOR RELIEF

By adding The Prayer to read as follows:

"**CHRISTOPHER JUGE AND ELIZABETH JUGE**  prays that the defendant, **STATE FARM FIRE AND CASUALTY COMPANY** , be served with a copy of this petition and that after all legal delays it be required to answer same and after all proceedings, there be a judgment in favor of your Plaintiffs, **CHRISTOPHER JUGE AND ELIZABETH JUGE**, for all amounts commensurate with their damages, in such sums the Court deems just, together with legal interest, costs, and all general and equitable relief allowed. Further, Plaintiff prays for relief and judgment against the Defendant as follows:

A.  Compensatory, general and/or contractual damages;

B.  Consequential and/or special damages, including but not limited to those incurred as a result of Defendant's bad faith;

C.  Penalties as a result of Defendant's bad faith;

D.  Attorneys' fees as a result of Defendant's bad faith;

E.  Prejudgment interest at the highest lawful rate allowed by law;

F.   Interest on the judgment at the highest legal rate from the date of judgment until

collected;

G.   Lost rent;

H.   Additional living expenses;

I.   Mental anguish, suffering, and inconvenience;

J.   All expenses and costs of this action; and

K.   Such further relief as this Court deems necessary, just, and proper".

Respectfully Submitted:

*Alvendia, Kelly & Demarest, LLC*

_____/s/Jeanne Demarest_____
**RODERICK "RICO" ALVENDIA, 25554**
**J. BART KELLY III, 24488**
**JEANNE K. DEMAREST, 23032**
**KURT A. OFFNER, 28176**
**JENNIFER L. KUECHMANN, 36886**
**CASSIE P. GAILMOR, 33319**
**ISABEL C. GIBSON, 40607**
**MICHAEL FINKELSTEIN, 35476**
909 Poydras Street, Suite 1625
New Orleans, Louisiana 70112
Telephone: (504) 200-0000
Facsimile: (504) 200-0001
Email: Jeanne@akdlalaw.com